UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARIE TALBERT                                           CIVIL ACTION

VERSUS                                                  NO.  06-8807

ALLSTATE INSURANCE COMPANY, ET AL          SECTION  "N"  (4)

## ORDER AND REASONS

Before the Court is a Motion to Remand filed on behalf of Plaintiff, Marie Talbert.  The removing Defendant, Allstate Insurance Company, opposes the motion.

## I.   FACTS AND PROCEDURAL HISTORY

On August 28, 2006, Plaintiff Marie Talbert filed suit in Civil District Court for the Parish of Orleans, State of Louisiana, arising out of damage to her property located at 7022 Haynes Boulevard in New Orleans, on or after August 29, 2005, when Hurricane Katrina made landfall in southeast Louisiana.  Named as defendants are Allstate Insurance Company ("Allstate"), Lloyd Daniel, Jocelyn Broussard, and AAA Contractor Services.  It has since been established that "AAA Contractor Services", sued as a "nominee corporation", is not an actual corporate entity organized under Louisiana law.  See *Gail Ryan v. State Farm Fire and Casualty Co*, 06-07358, (Memorandum

1

in Response to Court Orders Dated November 6, 2006 and November 29, 2006 filed on December 5, 2006, Rec. Doc. No. 21).  Defendants Lloyd Daniel and Jocelyn Broussard are not mentioned by name in the Petition (¶ II), and are each described as "a corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance agent)."

On October 20, 2006, Allstate removed the matter to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332, and federal question jurisdiction under the National Flood Insurance Act of 1968.  Allstate contends that the amount in controversy exceeds $75,000 and that the non-diverse defendants were improperly joined so as to defeat this Court's jurisdiction.

On November 16, 2006, Talbert moved to remand this matter, arguing that claims against non-diverse defendants are valid and defeat jurisdiction, and also claiming that Allstate has failed to adequately demonstrate the jurisdictional amount of $75,000 in dispute.

## II.   LAW AND ANALYSIS

### A.   Diversity Jurisdiction

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states.  The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked.  *Strawbridge v. Curtiss*, 3

2

Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996).  Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side.  *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

### 1.       Jurisdictional Amount in Dispute

Despite Plaintiff's assertion that the Defendant has failed to demonstrate a disputed amount in excess of $75,000, the Petition and relevant facts supported by Affidavits provided by Allstate clearly show the opposite.  Plaintiff's unverified Petition states, in ¶ XXVII, that "Plaintiffs' [sic] damages are less than Seventy-Five Thousand Dollars ($75,000.00)."  The Petition prays for penalties and attorney's fees on top of whatever undisclosed amount is in dispute.  Plaintiff's Motion to Remand fails to elaborate what precisely is the true amount Plaintiff seeks in this action, and conveniently argues only that the Defendant has the burden of showing the amount in dispute, thus tasking defense counsel with divining, through osmosis or other extra sense perception, precisely what quantity Plaintiff seeks to recover.  The Defendant has provided two Affidavits:  one from Allstate Claims Support Coverage Specialist Linda Sisson, who points out Talbert's coverages in the amount of $82,000 for the covered dwelling, $41,000 for personal contents, and $11,200 for other structures; and Allstate Frontline Process Expert Sherry Lawrence, indicating that Allstate has already paid Talbert, pursuant to the policy at issue, sums in the amount of $16,263.24 for covered

3

dwelling, $3,658.61 for personal property, $1,132.81 for other structures, and $2,500.00 for additional living expenses, for a grand total of $23,554.66. These numbers do not include the penalties and attorney's fees which this Court considers in determining whether the jurisdictional threshold amount has been established.[1] See *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250 (5th Cir. 1998).

Accordingly, the Court finds, by a preponderance of the evidence, that the amount in dispute for jurisdictional purposes clearly exceeds $75,000, and thus this prong of diversity jurisdiction is satisfied.

---

[1]When this motion was originally fixed for hearing on January 31, 2007, the Court specifically inquired, as a threshold matter, whether Plaintiff would support her position by signing an irrevocable stipulation and waiver to unambiguously clarify the jurisdictional amount, pursuant to *O'Neil v. Fidelity and Deposit Co. of Maryland*, No. 06-9995, 2007 WL 701162, at *1 (E.D.La. Mar. 2, 2007) (Africk, J.); *Onstott v. Allstate Ins. Co.*, No. 06-3297, 2006 WL 2710561, at *3 (E.D.La. Sept. 20, 2006) (Vance, J.); *Levith v. State Farm Fire and Cas. Co.*, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006) (Vance, J.); and *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329, at *4 (E.D.La. 2004) (Engelhardt, J.). Talbert's counsel indicated he would look into the matter, and thus the hearing was continued until February 14, 2007; and again until February 28, 2007; and yet again until March 28, 2007. The undersigned has been advised that no such stipulation and waiver will be forthcoming from Talbert.

2.      **Diversity of Citizenship**

a. **Fraudulent Joinder**

The standard for determining when a defendant has been fraudulently joined is well-established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the  plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Illinois Central Railroad Co*., 252 F.3d 220, 222-23 (5th Cir. 2003); *see also B., Inc. v Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."  *Smallwood*, 352 F.3d at 223 (*citing Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc*., 1997 WL 785668, *2 (E.D. La. 2003) (*citing Burden v. General Dynamics Corp*., 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant.  *Englande v. Glaxo Smithkline*, 206 F.Supp.2d 815, 817 (E.D. La. 2002) (*citing Erdey v. American Honda Co., Inc*., 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F.Supp.2d at 819 (*citing B., Inc*., 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the

5

claims in the state court petition as they existed at the time of removal.  *Englande*, 206 F.Supp.2d at 819 (*citing Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Acuna v.Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the  "burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.*, 663 F.2d at 549.  Thus, in determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (*quoting B., Inc.*, 663 F.2d at 549).

Allstate contends that Defendants Lloyd Daniel and Jocelyn Broussard were improperly joined, both because claims against them have no connection to Talbert's claim against Allstate under *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996),[2] and because there is no arguably reasonable basis for predicting that the local law would recognize the cause of action plead against these two Defendants, under *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004).

---

[2]As to the improper joinder issue raised by Allstate under the *Tapscott* case, such argument has previously been made and rejected by this Court.  *Schwartz v. Chubb & Sons, Inc., et al*, No. 05-6885, 2006 WL 980673 (E.D. La. April 11, 2006); *Radlauer v. Great Northern Ins. Co., et al*, No. 06-1737, 2006 WL 1560791 (E.D. La. May 16, 2006).  Accordingly, this argument is without merit.

Plaintiff has sued Daniel and Broussard for the following alleged wrongdoings:

XVII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. At the time plaintiffs were seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as an insurance agent to properly advise plaintiffs as to their options, including but not limited to the following:

a.      Providing plaintiffs the option of purchasing excess flood insurance;

b.      Failing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy;

XVIII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. Plaintiffs plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiffs by failing to procure adequate insurance coverage for plaintiffs' properties. Their acts of omission and/or commission include but are not limited to:

a.      failing to procure adequate flood insurance coverage for the buildings

b.      failing to procure property insurance that would provide coverage for Hurricane-related damages and losses;

c.      failing to advise plaintiffs of the inadequacy of their flood coverage; and

d.      all other acts which will be shown and proven at the trial of this matter.

7

XIX.

Defendants have committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing all of which will be shown and proven at the trial of this matter.

XX.

At all times pertinent hereto, Defendant insurance agent held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing the insurance for their properties, plaintiffs retained Defendant insurance agent to provide advice, and to act as their agent in procuring necessary insurance coverage for the property that was adequate to fully protect their properties.

Notwithstanding these rather unspecific allegations which routinely appear in many other petitions filed by Talbert's counsel post-Katrina, the Court notes other imprecise and sloppy pleadings surrounding these two Defendants: both Defendants (Lloyd Daniel and Jocelyn Broussard) are each identified as "a corporation authorized to do and doing business in the State of Louisiana" (¶ II); are apparently both referred to repeatedly in the singular, i.e. as "the defendant insurance agent" without identifying either Daniel or Broussard (¶¶ V, XVII, XVIII, XX); and Plaintiff[3] also alleges that she "contracted with the defendant insurance companies through the defendant insurance agent ...", thus indicating that the agent served as agent for Allstate. (¶ V)

_____

[3]The Petition is frustratingly rife with improper and/or inconsistent nouns, i.e. singular versus plural. For instance, and only as an example, ¶ V refers to the single plaintiff, Marie Talbert, as "plaintiffs", and refers to the single defendant insurance company, Allstate, as defendant insurance companies", and refers to Daniel and Broussard, both of whom are allegedly insurance agents, as "the defendant insurance agent." Such easily corrected confusion only heightens this Court's suspicion that these claims against non-diverse defendants are not adequately investigated or alleged, especially when considering that the other defendant, AAA Contractor Services, is non-existent and appears as a defendant in many other petitions filed by plaintiff's counsel, apparently for good jurisdictional measure.

The Court agrees with Allstate that, as plead by Plaintiff in ¶ V, the defendant agents cannot be held personally liable, as they acted as disclosed agent for Allstate.  See La.Civ.Code art. 3016, 3019; *Ragas v. Jimmy Tarleton, III, et al,* No. 06-4137, 2006 WL 2925448 (E.D. La. Oct. 10, 2006); *LeBlanc v. Mid-Continent Life Ins.,* No. 93-2677, 1993 WL 432374 (E.D. La. Oct. 20, 1993).

The Court also agrees that Plaintiff has not adequately alleged any cause of action against Daniels and Broussard.  Notwithstanding the vague assertions contained in ¶¶ XVIII through XX of the Petition, all of which appear to be designed solely to defeat jurisdiction, the Petition fails to state a cause of action pursuant to La.Civ.Code art. 854.[4]  Reference is made only to a single "agent", without regard to the fact that there are two alleged agents named as defendants.  The allegations against these two defendants are not simple, hardly concise, and rather indirect.

Although Plaintiff asserts that she "has made and/or requested changes" on her coverage, she has failed to state how those requested changes could not be detected on the written policy documents provided to her, i.e. why she would not be aware that such changes allegedly requested had not been made.  Since it is well recognized that agents have no duty "to spontaneously identify a client's needs and advise him as to whether he is under-insured or carries the right type of coverage", *Dobson, et al v. Allstate Ins. Co., et al,* Nos. 06-0252, 06-1097, 06-1064, 06-1255, 06-1734, 06-1585, 2006 WL 2078423, at 10-11, (E.D. La. July 21, 2006), Plaintiff would have to demonstrate not only a request for certain coverages and a subsequent failure of the agent to provide them, or an outright misrepresentation by the agent.  Plaintiff alleges no misrepresentation here, but

---

[4]La.Civ.Code art. 854 provides that "[a]ll allegations of fact of the petition . . . shall be simple, concise, and direct . . ."

rather asserts that "within the last three (3) years has made and/or requested changes", so Plaintiff must also allege that the requested changes were not made despite her request, and that she discovered such error/omissions within the one year prior to the institution of these proceedings in state court, but in no circumstance less than three years prior to the institution of these proceedings. Since Plaintiff's policy is renewable each year from the time Talbert purchased the policy in 1991, Plaintiff is chargeable with verifying that her requested changes were made and/or reflected in the policy. See *Lieschen Clover d/b/a Eclectique v. Allstate Ins. Co.,* No. 06-4339, 2006 WL 3366132 (E.D. La. Nov. 20, 2006); *Motors Ins. Co. v. Bud's Boat Rental, Inc.,* 917 F.2d 199, 205 (5th Cir. 1990); *Sullivan v. State Farm Fire and Casualty Ins. Co.,* No. 06-0004, Rec. Doc. No. 41 (E.D. La. April 6, 2006); *Stephens v. Audubon Ins. Co.,* 665 So.2d 683, 686 (La. App. 2d Cir. 1995).

Talbert has only alleged that she made such a request within three years of filing suit on August 28, 2006. La. R.S. 9:5606 provides, in pertinent part:

> A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of alleged act, omission, or neglect.
>
> B.  The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C.  The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Accordingly, unless Talbert received a revised policy which should have incorporated the alleged "requested changes" on Sunday, August 28, 2005 or thereafter[5], such claim would be time-barred. Of course, given that the City of New Orleans was under a mandatory evacuation as of the evening of August 27, 2005; that businesses were not open on Sunday, August 28, 2005, nor was there mail service on that date, it is highly unlikely that Talbert discovered that these requested changes, which allegedly occurred within three years of the date of filing suit, were discovered only upon receipt of a policy within one year prior to the date of filing suit.

Plaintiff erroneously contends that this Court "must simply determine whether there is *any possibility*[6] that the plaintiff will be able to state a claim" against the non-diverse defendant in order to determine improper joinder.  Rather, the Fifth Circuit has found improper joinder "not only when there is no *arguably reasonable* basis for predicting that the local law would recognize the cause of action plead against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no *arguably reasonable* basis for predicting that the plaintiff

---

[5]Plaintiff makes no assertion that the policy in question was received by her *after* Hurricane Katrina, whereupon she discovered the failure to make requested changes.

[6]Plaintiff's Memorandum in Support of Motion to Remand, see pp. 4 and 9.

would produce sufficient evidence to sustain a finding necessary to recover against that defendant." (italics added)  See *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 545 (5th Cir. 2004).  As can be seen when analyzing Plaintiff's claims against Daniels and Broussard, it does not appear arguably reasonable that such claims are not time-barred, insofar as Plaintiff has plead them.  Accordingly, the Court agrees with Allstate on this point as well.

For these reasons, the Court finds that the non-diverse defendants, Daniels, Broussard and AAA Contractor Services, were improperly joined, and that complete diversity exists between Talbert and Allstate.

### B.    Federal Question

Because the Court has found that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, the Court declines to address the issue of whether federal question jurisdiction exists.

### III.    CONCLUSION

For the reasons stated herein, the Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this  _10th_  day of <u>May</u>, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

12